AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
## for the
### Western District of New York

United States of America

v.

**DAVID L. RIVERA-RUIZ,**

*Defendant*

Case No. 22-MJ-715

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about October 27, 2022, in the County of Monroe, in the Western District of New York, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C § 841(a)(1) | Possession with intent to distribute cocaine/fentanyl |
| 18 U.S.C. § 922(g)(1) | Possession of a firearm by convicted felon |
| 18 U.S.C. § 924(c) | Possession of firearm in furtherance of drug trafficking |

This Criminal Complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

JOSEPH BRIGANTI, TFO/Investigator
Bureau of Alcohol, Tobacco, Firearms & Explosives/
Rochester Police Department

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on:

Date: October 27, 2022

City and State: Rochester, New York

MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

DAVID L. RIVERA-RUIZ,

                Defendant.

22-MJ-715

State of New York  )
County of Monroe  ) ss
City of Rochester  )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joseph Briganti, being duly sworn, deposes and says:

1. Your affiant is a Police Investigator with the Rochester Police Department and currently assigned as a Task force officer (TFO) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the New York Field Division, Rochester Field Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is an officer of the United States who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).

2. I have been employed as Police Investigator since 2011. Prior to being employed as a Police Investigator, I was employed as a Police officer beginning in 1995 for both the City of Rochester, New York, Police Department (RPD) and the

Niagara Falls, New York, Police Department. My duties as a Police Investigator include investigating violations of state and federal firearms laws such as individuals engaged in illegal firearm trafficking, unlawful possession of firearms, as well as the possession of firearms during the commission of drug trafficking crimes, and other crimes of violence.

3. Additionally, I have been assigned to the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), as a designated Task Force officer. During my tenure with RPD and ATF, I have participated in numerous investigations relating to armed individuals that were involved in the distribution of controlled substances, including cocaine, cocaine base, heroin and other substances in violation of federal narcotics laws, involving violations of Title 21, United States Code, Section 846 and Title 18 United States Code, Sections 922 and 924. I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the trafficking of illegal drugs. I have been the affiant on five affidavits in support of federal Title III intercepts and numerous federal search warrants, arrest warrants, and other applications. Through my training, education, experience and speaking with other law enforcement officers, I have become familiar with the manner in which illegal drugs are manufactured, transported, stored, and distributed, and with the methods of payment for such drugs. I am also trained in the appearance and common characteristics of illegal narcotics, including but not limited to cocaine, heroin, fentanyl, and marijuana. I am familiar with how

those illegal narcotics are packaged for sale and I am also trained in how to properly conduct field tests on suspected illegal substances.

## PURPOSE OF AFFIDAVIT

4. This affidavit is submitted in support of a criminal complaint charging DAVID RIVERA-RUIZ with violations of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute a controlled substance), and Title 18, United States Code, Sections 922(g)(1) (possession of a firearm by a convicted felon) and 924(c) (possession of a firearm in furtherance of drug trafficking).

5. As more fully described below, the facts in this affidavit are based on a combination of my personal participation in this investigation, review of police reports filed in connection with this investigation, and conversations with other law enforcement officers involved in this investigation. Further, your affiant has had discussions with law enforcement officers involved in this investigation who have confirmed the accuracy of the information contained within this affidavit. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that the defendant committed the above-mentioned offense.

## PROBABLE CAUSE

6. On October 27, 2022, at approximately 6:03 a.m., members of the Rochester Police Department, Special Investigation Section, executed a court-authorized search warrant at 1267 N. Clinton Avenue, Rochester, New York. While

3

securing the residence, members of law enforcement observed a black colored backpack being thrown to the ground from the second story master bedroom window. Members of law enforcement searched the residence and located David L. Rivera-Ruiz (hereinafter RIVERA-RUIZ) and a female and three small children inside.

7.      Officers searched the residence. Under the bed in the master bedroom, officers located a box containing two hundred and seven (207) decks of fentanyl along with $2,900 in United States currency and an American Express credit card in the name of RIVERA-RUIZ. Officers also located a second box under the bed in the master bedroom that contained three hundred and seventy-seven (377) clear zip lock bags containing cocaine along with $763 in United States currency.

8.      Members of law enforcement also located three (3) .45 caliber gun magazines loaded with several rounds of Winchester .45 caliber ammunition and several other rounds of miscellaneous ammunition in the master bedroom dresser.

9.      Investigators found a white plastic shopping bag hanging on the wall in the dining room. Investigators searched the bag and located four hundred and thirty (430) decks of fentanyl, several new and unused wax paper envelopes, new unused clear zip lock glassine bags, and two (2) digital scales. Based upon my training and experience, those are all items commonly used to prepare and package controlled substances for distribution.

10. Members of law enforcement searched the black backpack that was thrown from the master bedroom window. Inside the black backpack, investigators located a loaded Intratec, model MIACAT 9, 9mm semi-automatic handgun, bearing serial number 08498, and a Glock, model 19, 9mm handgun, bearing serial number BTPP023. The Glock firearm had a suspected "switch" or "converter" attached to the gun, which makes the firearm capable of being converted to a fully automatic firearm. Also located in the bag were two thirty-one (31) round magazines, numerous rounds of miscellaneous ammunition and a back plate for a Glock, model 19 handgun.

11. After the search, the defendant was advised of his <u>Miranda</u> warnings, which he said he understood and agreed to waive. During the interview, the defendant said, in sum and substance, he threw the backpack from the bedroom window as officers entered the residence. RIVERA-RUIZ told officers that he knew the bag contained two handguns and several rounds of ammunition. Rivera Ruiz described the process of attaching a converter or switch to a Glock firearm but stated that he received the gun in that condition.

12. Your affiant is aware that a member of law enforcement involved in this investigation performed a field test on a portion of the substance suspected of being cocaine and received a positive result for the presence of cocaine. In addition, member of law enforcement involved in this investigation performed a field test on a portion of the substance suspected of being fentanyl and received a positive result for the presence of fentanyl.

13. Based on your affiant's training, education, and experience, the previously detailed items seized are indicative of involvement in the distribution of controlled substances. Further, based on training and experience, your affiant is aware that traffickers of controlled substances commonly possess firearms to protect themselves, their narcotics, and the proceeds from their narcotics sales.

### RIVERA-RUIZ'S PRIOR FELONY CONVICTION

14. In connection with this investigation, your affiant has reviewed RIVERA- RUIZ's criminal history, which reflects that RIVERA-RUIZ is a convicted felon. Specifically, on or about July 5, 2016, in Camden County Court, Camden, New Jersey, RIVERA-RUIZ was convicted of terroristic threats in the third degree, a felony punishable by one year or more. RIVERA-RUIZ was sentenced to four years in the New Jersey state Department of Corrections.

### INTERSTATE NEXUS

15. In connection with this investigation, ATF Special Agent Ryan Szwejbka, an expert who has testified in federal court regarding the origin of manufacture for firearms and ammunition, was provided a description of the firearms. Based on that description, he determined that neither the Intratec, model MIACAT 9, 9mm semi-automatic handgun, bearing serial number 08498, nor the Glock, model 19, 9mm handgun, bearing serial number BTPP023 were not manufactured in the State of New York. Therefore, they affected interstate commerce.

## CONCLUSION

16. Based on the above information, your affiant submits there is probable cause to believe that, on or about October 27, 2022, in Monroe County, Western District of New York, DAVID L. RIVERA-RUIZ violated Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute a controlled substance), and Title 18, United States Code, Sections 922(g)(1) (possession of a firearm by a convicted felon), and 924(c) (possession of a firearm in furtherance of drug trafficking).

_____
Investigator Joseph Briganti
Bureau of Alcohol, Tobacco,
Firearms and
Explosives/Rochester Police
Department

Affidavit and Criminal Complaint submitted
Electronically by email in .pdf format. Oath
Administered, and contents and signature, attested
to me as true and accurate telephonically pursuant
to Fed.R.Crim.P. 4.1 and 4(d) on the 27th day of
October 2022.

_____
HONORABLE MARK W. PEDERSEN
United States Magistrate Judge